IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARTINA LEE BROWN                                                               PLAINTIFF

v.                           CIVIL NO. 2:10-CV-02197

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

**<u>ORDER ON MOTION FOR ATTORNEY'S FEES</u>**

Plaintiff, Martina Lee Brown, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On January 1, 2012, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10. Plaintiff now moves for a total of $3845.40 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 24.65 attorney hours at a rate of $156.00 and reimbursement for out-of-pocket postage of $24.02 payable directly to Plaintiff's counsel. ECF Nos. 11, Exs. 5 and 6, 12. The government did not file a response to Plaintiff's motion, and thereby, did not object to the requested fee amount.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

AO72A
(Rev. 8/82)

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990),

the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this instance, counsel requests attorney's fees at an hourly rate of $156.00. ECF No. 11. Counsel presented a link to the CPI as evidence that this rate is a proper reflection of the cost of living. ECF No. 11, Ex. 2. Defendant did not object to this motion, and the court finds it to be reasonable. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $156.00.

**Attorney Hours**

The court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Counsel requests reimbursement for a total of 24.65 hours for work performed in 2010 and 2011. ECF No. 11, Ex. 5. The court finds that counsel's requested time is reasonable, and, as such, will award the full 24.65 hours. Accordingly, the court finds that counsel is entitled to 24.65 attorney hours at an hourly rate of $156.00.

**Reimbursement for Out-of-Pocket Postage**

Counsel also requests compensation for out-of-pocket postage and filing expenses of $24.02. ECF No. 11, Ex. 6. A prevailing party that satisfies EAJA's other requirements may recover telephone, postage, travel and photocopying expenses under EAJA so long as the fees are reasonable. *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir. 1986). The court finds $24.02 for postage and filing is reasonable, and Defendant did not object to the motion. Accordingly, the court finds that counsel is entitled to reimbursement of $24.02.

**Fees Payable Directly to Plaintiff's Attorney**

Counsel requests that all fees be paid directly to her rather than to Plaintiff. ECF No. 11,

Exs. 3 and 4.  In support of her position, Counsel contends that when the Supreme Court held attorney fees under 28 U.S.C. § 2412 (d) are payable to the litigant, not directly to the litigant's attorney, that the Court did not expressly reject the use of assignment of the awarded fees. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-26 (2010).  Counsel also directs the court to consider that Plaintiff has agreed to have the award paid directly to her attorney.  ECF No. 11, Exs. 3 and 4.  *See also* ECF No. 12.

According to the Anti-Assignment Act, an assignment may be made "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31. U.S.C. § 3727(b).  Additionally, the assignment shall specify the warrant, must be made freely, and must be attested to by two witnesses.  *Id*.  The court finds that these requirements have not been met since the EAJA order has not yet been issued.  Furthermore, the undersigned feels that the task of determining whether outstanding debts exist is best left to the government.  Accordingly, pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff.  And, in keeping with the common practice of this court, the court directs the EAJA award be mailed to Plaintiff's counsel.

Based on the above, the court awards Plaintiff's attorney fees under the EAJA for 24.65 attorney hours at the rate of $156.00 per hour and reimbursement for out-of-pocket expenses of $24.02, for a total attorney's fee award of $3869.42.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Further, this award should be made payable directly to Plaintiff, but properly mailed to Plaintiff's attorney.[1]

---

[1] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010).  Therefore, any EAJA fee awarded by this court should be

AO72A
(Rev. 8/82)

The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 6th day of June 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

payable directly to Plaintiff, but properly mailed to Plaintiff's attorney.